Argued and submitted June 3, affirmed August 4, reconsideration denied
October 20, 1987

## JAMES PETER SCHMIDT,
*Petitioner on review,*

*v.*

## BOARD OF PAROLE,
*Respondent on review.*

(CA A41330; SC S33878)

740 P2d 776

Lawrence E. Hall, Deputy Public Defender, Salem, argued the cause for petitioner on review. On the petition for review was Gary D. Babcock, Public Defender, Salem.

J. Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the

brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PER CURIAM

Gillette, J., filed an opinion concurring in part and dissenting in part, joined by Linde, J.

## PER CURIAM

Petitioner was convicted for attempted murder and was sentenced to a 20-year term of imprisonment with a 60-month minimum.

At petitioner's prison term hearing, the Board of Parole (Board) established a history/risk score of 7, a crime category 6 with a matrix range of 44 to 56 months and overrode the 60-month minimum, setting petitioner's release at 48 months.

Petitioner seeks review, alleging that the Board failed to satisfy the requirements of ORS 144.135, but set forth no specific claim. His minimum sentence was overridden by the Board and his 48-month release date was near the bottom of the matrix range. As we said in *Anderson v. Board of Parole,* 303 Or 618, 740 P2d 760 (1987), the Board must comply with ORS 144.135 by setting forth "in writing the detailed bases for its decisions" when it decides to override a minimum sentence. The Board administrative rule concerning judicial minimum sentences on prison terms under ORS 144.110 is OAR 255-35-023, which reads as follows:

"(1)   The Board shall not release a prisoner before a judicially imposed minimum prison term sentence has been served except when at least four members of the Board find that:

"(a)   The court applied the guideline rules incorrectly; or

"(b)   The Board has information not available to the court at the time of sentencing; or

"(c)   The court's findings, though technically correct, lead to an inequitable result.

"(2)   The Board shall state the facts and reasons for its actions and it shall then inform the sentencing court of its decisions and reasons. The Board shall then set an initial parole release date in accordance with rule 255-35-013."

As we said in *Anderson v. Board of Parole, supra,* 303 Or at 626, "[i]f four members agree to override the minimum sentence, the Board is obligated under OAR 255-35-023(2) to state the facts and reasons for its actions pursuant to OAR 255-35-023(1)(a), (b) and (c), and is further obligated to inform the sentencing court of its facts and reasons for the decision." The Board failed to make such findings and failed

to inform the sentencing court, but such failure did not harm the petitioner. The trial court could have demanded an explanation for the override decision, but did not. The Board did find aggravation factors in making its decision to set the prisoner's parole release date at 48 months. Those aggravating factors were repetition of behavior which contributes to criminal conduct and criminal history more extensive or serious than reflected by the history/risk score.

■ Petitioner also complains that the Board should adopt the Attorney General's Model Rules of Procedure under the Administrative Procedures Act. This contention is without merit, as adoption of those rules is discretionary under ORS 183.341. *Anderson v. Board of Parole, supra.*

The decision of the Court of Appeals is affirmed.

**GILLETTE, J.,** concurring in part and dissenting in part.

For the reasons expressed in my dissenting opinion in *Anderson v. Board of Parole,* 303 Or 618, 632, 740 P2d 760, 769 (1987), I respectfully dissent from that portion of this opinion dealing with a "detailed explanation," under ORS 144.135, of the action taken by the Board of Parole with respect to the mandatory minimum sentence. I concur with the balance of the opinion.

Linde, J., joins in this concurring and dissenting opinion.